# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1508V
Filed: September 5, 2017
UNPUBLISHED

| | |
|---|---|
| AILEEN GONER, | Special Processing Unit (SPU); |
| Petitioner, | Attorneys' Fees and Costs |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*F. John Caldwell, Jr.*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 14, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination August 29, 2014. On December 12, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 35.)

On May 23, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 40.) Petitioner requests attorneys' fees in the amount of $21,556.30 and attorneys' costs in the amount of $736.28. *Id.* Additionally, petitioner requests fees for her previous counsel, Stanley G. Swiderski, in the amount of $4,000.00. *Id.* In compliance

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with General Order #9, petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. Thus, the total amount requested is $26,292.58.

On May 30, 2017, respondent filed a response to petitioner's motion.  (ECF No. 41.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  On June 1, 2017, petitioner filed a reply.  (ECF No. 42.)

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates billed by the Maglio Firm.[3]  The undersigned does, however, reduce the fees requested by petitioner's prior counsel, Stanley G. Swiderski, to the amount supported by his revised billing record.

As noted, petitioner requested $4,000.00 in fees for Mr. Swiderski.  The evidence substantiating this request was insufficient, however, and the undersigned required petitioner to obtain and file his contemporaneous and specific billing records, indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See* Order, issued July 21, 2017, ECF No. 43.  Petitioner complied, submitting a detailed statement for the reduced amount of $3,215.00.  Exhibit 30.  The undersigned will pay this amount, as it is supported by the evidence.  Petitioner's initial request will be reduced by $785.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs, minus the noted reduction.

---

[3] To the undersigned's knowledge, she has not previously evaluated the rate for attorney Cecelia H. Stultz.  Ms. Stultz requests a rate of $250 per hour for work performed in 2017.  Exhibit 23 at 16-17.  In 2017, Ms. Stultz is in her fourth year of practice, Exhibit 29 at 1 (affidavit), placing her within the 4-7 year practice range set forth in the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2017, which appears on the Court's website (http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf).  Based on her years of practice and her experience described in her affidavit, the undersigned finds the requested rate to be appropriate and awards it herein.

**Accordingly, the undersigned awards the total of $25,507.58[4] as follows:**

**(1) A lump sum of $22,292.58, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, F. John Caldwell, Jr. of Maglio Christopher & Toale, PA;[5] and**

**(2) A lump sum of $3,215.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's prior counsel, Stanley G. Swiderski.[6]**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

[6] Petitioner requests that the check be forwarded to Stanley G. Swiderski, 1930 Tyler Street, Hollywood, FL 33021.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.